WO                                                                                                    KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie Hassan Harb, | No. CV 21-01032-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Penzone, | |
| Defendant. | |

Plaintiff Ronnie Hassan Harb, who is confined in a Maricopa County Jail, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will order Defendant to answer the Complaint.

**I.      Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $13.33. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

TERMPSREF

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

### III. Complaint

Plaintiff names Maricopa County Sheriff Paul Penzone, in his official capacity, as Defendant in his two-count Complaint and seeks money damages. In Count One, Plaintiff alleges his Fourteenth Amendment rights were violated when Defendant Penzone failed to take adequate precautions to prevent the spread of the COVID-19 virus in the Maricopa County Jails. Plaintiff alleges Defendant Penzone is responsible for the jail and its procedures, and has authority to "dictate new or emergency action to his employees in times like when a pandemic virus could infiltrate of his facilities." (Doc. 1 at 6.)[1] Plaintiff alleges that the lack of precautions at the Towers Jail put him in substantial risk of suffering serious harm, and Defendant Penzone "did not take reasonable available measures [which] directly caused [Plaintiff] the injury of contracting the coronavirus while housed in his jail." (*Id.* at 7.) Plaintiff asserts he saw employees moving between housing units, potentially spreading the COVID-19 virus, and exhausted administrative remedies with respect to this problem. Plaintiff claims there was no change in procedures to prevent the spread of infectious diseases and "new intake inmates . . . continued to be housed with inmates incarcerated previous to the CDC guidelines being issued." (*Id.* at 3.) Plaintiff tested positive for COVID-19 on June 15, 2020, and has suffered muscle pain, headaches, fatigue, loss of appetite, and psychological trauma.

In Count Two, Plaintiff alleges his Fourteenth Amendment rights were violated when he "wasn't allowed to fully practice CDC guidelines while a pretrial detainee from March thru June 2020." (*Id.* at 4.) Plaintiff states there was no way for him to remain six feet apart from his cellmates or to follow other CDC guidelines for avoiding exposure to COVID-19. Plaintiff asserts Defendant Penzone "allowed for the towers jail to house 3 inmates per cell prior to the outbreak in the jail and well into June of 2020." Plaintiff alleges Penzone "did not enact different housing procedures in the jail to keep inmates at a distance to each other . . . [and] as a pretrial detainee [Plaintiff] was not allowed to practice

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

the doctor/scientist recommended guidelines issued by the CDC." (*Id.* at 9.) Plaintiff contends Defendant Penzone "had the ability to change the housing policies during this global emergency and failed to do so to keep [Plaintiff] from contracting COVID, despite [Plaintiff using] the grievance process." Plaintiff claims that as a result, he contracted COVID-19.

Liberally construed, Plaintiff has adequately stated Fourteenth Amendment conditions of confinement claims and the Court will require Defendant Penzone, in this official capacity, to answer the Complaint.

**IV. Warnings**

**A. Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these

warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $13.33.

(3) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Penzone.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(6) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order.

(8) If Defendant agrees to waive service of the Summons and Complaint, Defendant must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service**

pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(9) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

(11) This matter is referred to Magistrate Judge Eileen S. Willett pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 28th day of June, 2021.

Michael T. Liburdi
United States District Judge

TERMPSREF

- 7 -