1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Ronnie Hassan Harb,

              Plaintiff,

v.

Paul Penzone,

              Defendant.

No. CV-21-01032-PHX-MTL (ESW)

**REPORT
AND RECOMMENDATION**

**TO THE HONORABLE MICHAEL T. LIBURDI, UNITED STATES DISTRICT JUDGE:**

This is a civil rights action initiated by Arizona state prisoner Ronnie Hassan Harb ("Plaintiff") pursuant to 42 U.S.C. § 1983.  Plaintiff's Complaint (Doc. 1) raises two counts against Maricopa County Sheriff Paul Penzone in his official capacity.  As recounted in the Court's Screening Order:

> In Count One, Plaintiff alleges his Fourteenth Amendment rights were violated when Defendant Penzone failed to take adequate precautions to prevent the spread of the COVID-19 virus in the Maricopa County Jails.  Plaintiff alleges Defendant Penzone is responsible for the jail and its procedures, and has authority to "dictate new or emergency action to his employees in times like when a pandemic virus could infiltrate of his facilities." (Doc. 1 at 6.)  Plaintiff alleges that the lack of precautions at the Towers Jail put him in substantial risk of suffering serious harm, and Defendant Penzone "did not take reasonable available measures [which]

directly caused [Plaintiff] the injury of contracting the coronavirus while housed in his jail." (*Id.* at 7.) Plaintiff asserts he saw employees moving between housing units, potentially spreading the COVID-19 virus, and exhausted administrative remedies with respect to this problem. Plaintiff claims there was no change in procedures to prevent the spread of infectious diseases and "new intake inmates . . . continued to be housed with inmates incarcerated previous to the CDC guidelines being issued." (*Id.* at 3.) Plaintiff tested positive for COVID-19 on June 15, 2020, and has suffered muscle pain, headaches, fatigue, loss of appetite, and psychological trauma.

In Count Two, Plaintiff alleges his Fourteenth Amendment rights were violated when he "wasn't allowed to fully practice CDC guidelines while a pretrial detainee from March thru June 2020." (*Id.* at 4.) Plaintiff states there was no way for him to remain six feet apart from his cellmates or to follow other CDC guidelines for avoiding exposure to COVID-19. Plaintiff asserts Defendant Penzone "allowed for the towers jail to house 3 inmates per cell prior to the outbreak in the jail and well into June of 2020." Plaintiff alleges Penzone "did not enact different housing procedures in the jail to keep inmates at a distance to each other . . . [and] as a pretrial detainee [Plaintiff] was not allowed to practice the doctor/scientist recommended guidelines issued by the CDC." (*Id.* at 9.) Plaintiff contends Defendant Penzone "had the ability to change the housing policies during this global emergency and failed to do so to keep [Plaintiff] from contracting COVID, despite [Plaintiff using] the grievance process." Plaintiff claims that as a result, he contracted COVID-19.

(Doc. 5 at 3-4) (footnote omitted). The Court found that, liberally construed, Plaintiff adequately stated Fourteenth Amendment conditions of confinement claims against Defendant Penzone in his official capacity. (*Id.* at 4.)

Pending before the Court is Plaintiff's "Motion to Amend Complaint" (Doc. 14). The Court has reviewed the Motion (Doc. 14), Plaintiff's lodged First Amended Complaint, and Defendant Penzone's Opposition (Doc. 16). Plaintiff did not file a Reply and the time to do so has passed.

Federal Rule of Civil Procedure 15(a) provides that courts should "freely give

leave" to amend the complaint "when justice so requires."  In deciding whether to grant leave to amend, courts should be guided by the "underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (internal quotation marks and citation omitted). Accordingly, the policy favoring amendment should be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

Courts weigh the following five factors in determining whether to grant a motion for leave to amend: (i) bad faith; (ii) undue delay; (iii) prejudice to the opposing party; (iv) futility of the amendment; and (v) whether the plaintiff has previously amended its complaint. *Nunes*, 375 F.3d at 808 (citation omitted).  Prejudice to the opposing party is the "touchstone" of the Rule 15(a) inquiry and carries the greatest weight. *Eminence Capital, LLC*, 316 F.3d at 1052 (internal quotation marks and citation omitted).  Absent prejudice or a strong showing on any of the other factors, there is a presumption under Rule 15(a) in favor of granting leave to amend. *Id.*

Futility alone is enough to deny a motion for leave to amend.  *Nunes*, 375 F.3d at 808.  However, a proposed amendment is futile only if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).   Additionally, a proposed amendment is futile if it is "either duplicative of existing claims or patently frivolous, or both." *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995).

As Plaintiff explains in his Motion (Doc. 14 at 2), Plaintiff seeks to amend the Complaint to provide that Defendant Penzone is being sued in both his official and individual capacities.

A suit against a defendant in his or her individual capacity seeks to impose personal liability upon the official. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  For a person to be liable in his or her individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that the individual was personally involved in the deprivation of his

civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  A person deprives another of a constitutional right under Section 1983, where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).  "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* at 743-44.

Defendant Penzone accurately observes in his Opposition (Doc. 16 at 4) that Plaintiff's lodged First Amended Complaint merely adds the term "individual capacity" to several paragraphs and fails to include additional factual allegations that plausibly show that Defendant Penzone was personally involved in the deprivation of Plaintiff's civil rights.  The undersigned finds that allowing the First Amended Complaint to proceed as to individual capacity claims against Defendant Penzone would be futile.

Plaintiff also requests to amend the Complaint to provide that Plaintiff is seeking "Declaratory Judgment that the acts violated the Plaintiff's constitutional rights." (Doc. 15 at 12).  The lodged First Amended Complaint does not request the Court to enjoin an ongoing violation of federal law.  The undersigned finds that Defendant Penzone correctly asserts in his Opposition (Doc. 16 at 5) that allowing Plaintiff to amend the Complaint to add a request for declaratory judgment would not serve a useful purpose in this proceeding. *See United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985) ("Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."); *see also Macias Acosta v. Fitzgibbon*, No. CV-18-02487-PHX-DLR (CDB), 2019 WL 9280681, at *1 (D. Ariz. Dec. 10, 2019) (denying § 1983 Plaintiff's motion to amend complaint to include declaratory relief where the Plaintiff did "not ask the Court to enjoin an ongoing violation of federal law but instead ask[ed] the

Court to 'declare' that Defendant's actions as alleged in the Complaint violated his federal constitutional rights," explaining that "[t]his relief would be implicit in a judgment in favor of Plaintiff . . . ."), *report and recommendation adopted*, No. CV-18-02487-PHX-DLR (CDB), 2020 WL 3791537, at *1 (D. Ariz. July 7, 2020). The undersigned will recommend that the Court deny Plaintiff's Motion (Doc. 14).[1] Accordingly,

**IT IS RECOMMENDED** that the Court deny Plaintiff's "Motion to Amend Complaint" (Doc. 14).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 8th day of December, 2021.

_____
Honorable Eileen S. Willett
United States Magistrate Judge

---

[1] Plaintiff's Motion (Doc. 14) may alternatively be denied for failure to comply with Local Rule of Civil Procedure 15.1 as Plaintiff's lodged First Amended Complaint does not underline the text to be added or strike the text to be deleted.